**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

---

MANDALAWI, DURAY A29-71-0639 )

    Petitioner )

         **v.** )

                            )     CIVIL No. ----------------

ALBERTO GONZALES, U.S Attorney General )

BRUCE CHADBOURNE, ICE Field Office Director )

ANDREA CABRAL, Suffolk County Sherrif )

    Respondents )

---

## PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO U.S.C § 2241.

Petitioner, Duray Mandalawi a29-71-0639, hereby petitions this court for a writ of habeas corpus pursuant to U.S.C § 2241 to remedy his unlawful detention, and to enjoin his unlawful detention by the Respondents.

In support of this petition and complaint for injunctive relief, Petitioner alleges the follows:

1. He is a native and citizen of IRAQ who was ordered deported to Slovakia by an immigration judge ("IJ" hereinafter) on 10/01/2001. Petitioner did not appeal and thus the order became final. After the respondents were unable to remove him to Slovakia, they released the Petitioner under supervision in which Petitioner obliged and carried out the order, and never missed a day when he was supposed to report.

2. On 06/05/2002 Respondents took Petitioner back into their custody and Petitioner has been held ever since. Petitioner has been detained by Immigration & Customs Enforcement ("ICE" hereinafter) for over three years awaiting deportation, all of which has been unencumbered.

      Ҳx                               **PARTIES**

3. Respondent, Alberto Gonzales, is the Attorney General of the UNited States of America. He is responsible for the administration of ICE, and the implementation and enforcement of immigration laws. Insofar, he is the ultimate legal custodian of the Petitioner.

4. Respondent, Bruce Chadbourne, is the Department of Homeland Security; Bureau of ICE field office director in Boston Field Office. As such, he is the local ICE official who has the immediate custody of the Petitioner. DHS is the agency that implements and enforces the immigration laws.

5. Respondent, Andrea Cabral, is the sherrif at Suffolk County House of Correction where the Petitioner is currently being detained. Because ICE contracts with states prisons such as Suffolk H.O.C in Boston, MA to house immigration detainees, she has immediate custody of the Petitioner.

## CUSTODY.

6. Petitioner is currently detained at Suffolk County House of Correction in Boston, MA. ICE has contracted with state's Bureau of Prisons to house immigration detainees such as Mr. Mandalawi. Thus, Petitioner is under direct control of the respondents and their agents.

## JURISDICTION.

7. This action arises under the Constitution of United States, the Immigration and Nationality Act ("INA" hereinafter); 8 U.S.C § 1101 et seq as amended by IIRIRA of 1996, Pub. L. No. 104 - 208, 110 Stat. 1570, and the Administrative Procedure Act (APA) 5 U.S.C § 701 et seq.

8. SUBJECT MATTER JURISDICTION: Federal jurisdiction is proper here under 28 U.S.C § 2241. The general habeas corpus statute provides federal courts with the authority to grant writ of habeas corpus to a person held in violation of the Constitution or the laws and treaties of the United States. 28 U.S.C § 2241(c)(3). The statute also grants federal courts jurisdiction to review the lawfulness and the constitutionality of the executive detention. Therefore, this court has subject matter jurisdiction to entertain Petitioner's petition of habeas corpus challenging post-removal dentention period.

9. PERSONAL JURISDICTION: For thoroughness, this court has personal jurisdiction over the Petitioner. The controlling statute confers upon federal courts the authority to grant writ of habeas corpus " within their respctive jurisdiction." 28 U.S.C § 2241. The personal jurisdiction is determined by the presence of the custodian within xkxxx territorial jurisdiction of the court. Braden v. 30th Judicial Circuit Court, 410 U.S 484, 495, 35 L.Ed. 2d 443, 93 S.Ct. 1123 (1973).

10. The United States 5th Circuit court of appeals has stated firmly that the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition. Lee v. Wetzel, 244 F. 3d 370, 373 (5th Cir, 2001). However, this requirement is determined and satisfied at the time the petition is filed. Id at 370 n.5 (citing St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir, 1988)("jurisdic - tional facts must be judged at the time the complaint is filed.")) Petitioner at the time of filing, is within the territorial jurisdiction of this district. Therefore, this court has total jurisdiction over Petitioner's petition and his custodian.

- 2 -

## VENUE.

11. The venue lies in the district of Massachusetts because Petitioner is currently detained at Suffolk County House of Correction in Boston, MA. Venue in the district of Massachusetts is also proper because Petitioner is in custody of the Respondent Bruce Chadbourne; Boston Field Office Director – the district which encompasses Massachusetts. 28 U.S.C § 1391.

### exhaustion of the administrative remedies.

12. Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of Zadvydas through this judicial action. After the xx supreme court decision in Zadvydas v. Davis, Department of Justice issued regulations governing the custody of aliens ordered deported. See 8 C.F.R § 241.4

### EXHAUSTION IS NOT REQUIRED.

13. Should the government contend that the instant petition should be dismissed since Pe Petitioner has not exhausted his administrative remedies or has failed to pursue all his administrative remedies, the court should look at that argument with a grain of salt because it would be without merit. Mr. Mandalawi's failure to exhaust all his administrative remedies does not and should not hamper this court's ability to exercise jurisdiction over his petition. Fernandes v. INS, 79 F.Supp. 2d 44, 46 (D.R.I 1999) "where congress specifically mandates, exhaustion is required. But where congress has not clearly required exhaustion, sound judicial discretion governs." McCathy v. Madigan, 503 U.S 140, 144, 112 S.Ct. 1081, 117 L.Ed. 2d 291 (1992)(citations omitted). Although congress has substantially rewritten much of immigration statutes, it has not created an exhaustion requirement for judicial review of custody claims. Fernandes at 46 (citing Hermanowski v. Farquharson, 39 F.Supp.2d 148, 152 (D.R.I 1999))

14. Therefore, exhaustion of the administrative remedies is not a prerequisite to this courts invocation of jurisdiction over this habeas petition. Moreover, at stake in this proceedings is a constitutional determination regarding the validity of Petitioner's detention. Because Petitioner's substantive due process rights under 5th Amendment does not implicate the adequacies of the procedures afforded to him by ICE in applying the provisions of INA, Petitioner "is not statutorily required to exhaust his administrative remedies prior to seeking judicial relief for the violation of his due process rights." Hermanowski at 152 (quoting Wang v. Reno, 81 F.3d 808, 814 (9th Cir. 1996)).

- 3 -

## STATEMENT OF FACTS.

### 15. BACKGROUND:

Petitioner was born in IRAQ on 01/21/1965. He emigrated to United States as a student
to attend Clark University in Worcester, MA. On 08/15/1991 petitioner applied for and
was subsequently granted political asylum. On 06/19/2001 Petitioner was served with Notice
to Appear, ... deportation proceedings commenced, He was granted withholding of removal
under Convention Against Torture ("CAT" hereinafter) and was ordered removed to Slovakia.
On 01/23/2002 ICE released petitioner from their custody when Slovakia refused to accept
him as one of theirs, under an order of supervision. Petitioner obliged and never missed
a day. On 06/05/2002 ICE re-arrested the Petitioner and he has been held ever since.

### 90-DAY & Six-Month Custody Review.

16. ICE first reviewed Petitioner's detention status on 09/28/2004, two years plus after the
service had re-arrested Petitioner for "deportation", and need I not mention that all that
period was unencummbered, pursuant to post-order custody review procedures at 8 C.F.R § 241.4
In a letter dated 09/28/2004, ICE denied petitioner's request for release outlining the
obvious that he is "a native and citizen of IRAQ who entered United States ... but ordered
removed to Slovak." As a result, Petitioner's case was transferred to HQPDU which conducted
a six month review. In a letter dated 04/28/2005 HQPDU parroted the exact copy which had been
served to the Petitioner on August 28th, 2004 but whitxxx went on further to state, that
"negotiations with IRAQI government are on-going to effect your removal and there is no
indication that at this time that your repatriation will not occur in the reasonably foreseeable
future."

## ICE'S INABILITY TO SHOW THAT PETITIONER'S DEPORTATION IS "REASONABLY FORESEEABLE" DESPITE HIS FULL COOPERATION.

17. Thirty days has passed since Petitioner's last custody review, and ICE has not notified
Mr. Mandalawi or informed him of any progress in his repatriation despite Petitioner's
8 C.F.R § 241.13(d) request on June 17th, 2005. See Exhibit No. 3

18. To Petitioner's knowledge, neither the government(s) of IRAQ, TURKEY and or JORDAN has
not not issued his travel documents on the former and "transit visa" on the latter, and indeed
neither ICE nor IRAQI embassy has provided any indications that IRAQ will be accepting
commercial airlines in the reasonably foreseeable future.

19. Petitioner need not make a showing that his removal is impossible. See Zadvydas, 533 U.S
at 702 (rejecting this requirement of the 5th Cir., Zadvydas court). ALthough some
possibility of removal may exist, petitioner's period of post-final-order detention has
been sufficiently long such that a remote, non-specific possibility cannot satisfy
respondents' burden of proof. See Mohamed v. Ashcroft, 2002 U.S Dist. Lexis 16179, at *3

- 4 -

(W.D Wash. April 15, 2002)(adopting magistrate's finding that government did hot meet Zadvydas burden because it provided no information regarding when or how it expected to obtain documents or cooperation from thw foreign Government.)

20. ICE has never asserted that petitioner has failed to cooperate in his deportation, and it bbetter not start or do it here now. Through Petitioner's own initiative, and with the help of friends and family, Petitioner has done everything in his power to expedite his removal to IRAQ or to any other country willing to accept him. This includes and not limited to IRAQ, United Arab Emirates("UAE"), Slovak, Turkey, Jordan et cetera. All this effort has been un-availing. Turkey and Jordan has still yet to respond to his transit visa request.

## ICE HAS OFFERED NO EVIDENCE THAT REPATRIATION IN PETITIONER's INDIVIDUAL CASE IS REASONABLY FORESEEABLE NOW.

21. Petitioner avers that everything ICE has proffered to him has been nothing but empty promises. While negotiations with IRAQ government are on-going at the speed of cold molasses, Petitioner is languishing in jail without any hope of ever getting deported. Petitioner strongly believe ICE's effort to remove him to IRAQ through Turkey or Jordan has been futile. It's been more that six months since Petitioner heard of such, a period longer than the "post-removalperiod".

## LEGAL FRAMEWORK FOR RELIEF SOUGHT.

22. In Zadvydas, the supreme court held that 8 U.S.C § 1231(a)(6), when "read in light of the Constitutional demands, limited an alien's post-removal period detention to a period reasonably necessary to bring about the alien's removal from United States." Id at 2498. A "habeas court must [first] ask whether the detention in question exeeds a period necessary to secure removal." ID at 2504. If the individuals removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by the statute." Id

23. In determining the length of a reasonable removal period, the court adopted a "pre-sumptively reasonable period of detention" of six months. Id at 2504. After six months, the government bears the burden of disaproving an alien's good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. See Zhou v. Farquharson, 2001 U.S Dist. Lexix 18239, *2 - *3 (D. Mass. Oct. 19, 2001) (qouting and summarizing Zadvydas). Moreover, "for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas at 2505

- 5 -

24. Officer Efrain Perez's statement on 05/04/2005 that "INS was successful in obtaining
a transit visa for 50 other IRAQI's before him" to Turkey or Jordan also turned out
to be false.

25. If ICE was able to remove this many iraqi's in the past, this fact may underscore the
problem ICE is having in removing the Petitioner, particularly since the Petitioner
has been in ICE custody since 12/05/2004 and his transit visa has been "requested"
from the embassies of Turkey and Jordan, and "pending" since that time. See
Seretse-Khama v. Ashcroft, 215 F.Supp. 2d 37, 48 (D.D.C 2002)( finding that an INS'
claim made 9-months earlier that a travel document was "pending" turned out to be
false).

26. Looked at in a different way, the ICE's apparent success in removing 50 iraqi's before
Him speaks to the likelihood, or rather the lack thereof, of removing Petitioner in
the reasonably foreseeable future.

27. Evidence showing successful repatriation of other persons to the country at issue is
not even sufficient to meet the governments burden to establish that an alien
Petitioner will be deported within the reasonably foreseeable future. See Thompson v. INS
2002 U.S Dist. Lexis 23936 (E.D. La Sept. 16, 2002)(government failed to show that an
alien's deportation to Guyana was reasonably foreseeable where the government offered
historical statistics of repatriation to Guyana, but failed to show any response from
Guyana on the application for travel documents that INS and the Petitioner had
requested); Kacanic v. Elwood, 2001 U.S Dist. Lexis 21848 at *14 (E.D Penn. Nov 8, 2002)
(government reliance on data concerning removals of other aliens to Yugoslavia did not
satisfy Zadvydas because government failed to give information about the number of
aliens that were denied travel papers and did not provide individualized information
about the removed alien's that would allow "a meaningful comparison" of the removed
aliens to the Petitioner); Ablahand v. Ashcroft, 2002 U.S Dist. Lexis 17405 at *4
(N.D III. Sept. 6, 2002)(evidence that aliens have been deported to Petitioner's
country is not sufficient to carryout the government's burden under Zadvydas).

28. For the government to meet its burden of showing that an alien's repatriation is
reasonably foreseeable, it must provide some meaningful evidence particular to the
individual Petitioner's case. Compare Thompson, Kacanic and Ablahand with Khan v. Fasano,
194 F.Supp. 2d 1134 (S.D. Cal. 2001)(eight months detention following final order was
not unreasonable where INS requested travel documents for petitioner, Pakistani Consulate
indicated that Petitioner's travel document application had been forwarded to the
appropriate ministry, INS had successfully repatriated 476 Pakistani nationals during
2001, suggesting that there were no "institutional barriers" to successful repatriation,
and moreover, a meeting had been scheduled with Pakistani government to discuss the case).

29. An alien who has been detained beyond the presumptive reasonable time ("six months)
should be released when the government is unable to present documented confirmation
that the foreign government at issue will agree to accept the particular individual
in question. See Agbada v. John Ashcroft, 2002 U.S Dist. LEXIS 15797 (D.Mass August
22, 2002)(Court "will likely grant" habeas Petition after 14-months if ICE "is
unable to present document confirmation that the Nigerian government has agreed to
[Petitioner's] repatriation"); Zhou, 2001 U.S Dist. Lexis 18239 (ordering that the writ
of habeas corpus issue within 60 days, given Petitioner's 13-month detention and
the INS' inability to assure the court that the paperwork from China was on it's
way); Abdu v. Ascroft, 2002 U.S Dist. Lexis 19050 at *7 (W.D. Wash. February 28,
2002)(government's failure to offer specific information regarding how or when it
expected to obtain  the necessary documentation or cooperation from the foreign
government indicated that there was no significant likelihood of Petitioner's
removal in the reasonably foreseeable future); Kacanic, 2001 U.S Dist. Lexis 21848
(where alien had been detained for a year, lack of definitive answer from  foreign
embassy as to the issuance of travel documents - or any indication that a definitive
answer was likely - showed that removal was not reasonably foreseeable);
Mohamed v. Ashcroft, 2002 U.S Dist. Lexis 16179 at *7 (W.D. Wash April 15, 2002)
(granting writ of habeas where lack of definite answer from the foreign consulate
indicated that no removal was likely in the reasonably foreseeable future).

## CLAIMS FOR RELIEF.

### COUNT ONE: statutory violation

30. Petitioner re-alleges and incorporates by reference paragraphs ONE through TWENTY
NINE above.

31. Petitioner's continued detention by the Respondents violates INA § 241(a)(6), as
interpreted in Zadvydas. Petitioner's six-month presumptively reasonable time for
continued removal passed over two years ago. 12/05/2002 to be precise. For reasons
outlined above in paragraphs 1 through 29, Petitioner's removal to IRAQ  through
TURKEY or JORDAN is not reasonably foreseeable. The supreme court held in Zadvydas
that the continued detention of someone after six months where deportation is not
reasonably foreseeable is unreasonable and in violation of INA § 241.

### COUNT TWO: substantive due process violation.

32. Petitioner re-alleges and incorporates by reference paragraphs 1 through 31 above.

33. Petitioner continued detention violates his right to substantive due process by
depriving him of his core liberty interest, to be free from bodily restraint. The
due process clause requires that the deprivation of Petitioner's liberty be

7

narrowly tailored to serve a compelling government interest. While the respondents
have a compelling government interest in detaining the Petitioner inorder to effectuate
his removal, that interest does not exist if the Petitioner cannot be deported. The
supreme court in Zadvydas thus interpreted INA § 241 to allow continued detention only
for a period reasonably necessary to secure the alien's removal because any other
reading would go beyond the government's articulated interest to effectuate the alien's
removal.

COUNT THREE: Procedural due process violation

34. Petitioner re-alleges and incorporates by reference paragraphs 1 through 33 above.

35. Under the due process clause of the United States Constitution, an alien is entitled
   to a timely and a meaningful opportunity to demonstrate that he should not be detained.
   In this case, Petitioner has been denied that opportunity as there is no administrative
   mechanism in place for the Petitioner to: demand a decision, (ii) ensure that a decision
   will be made, (iii) or appeal a custody decision that violates Zadvydas.

36. Petitioner's 8 C.F.R § 241.13(d) request to HQPDU on June 7th, 2005 has gone unanswered.

37. Generally, when faced with such a request, HQPDU must respond within ten (10) business
   days to acknowledge the reciept of such a request, and to explain the process that will
   be followed to consider the alien's request. 8 C.F.R § 241.13 (e)(1). HQPDU has yet to
   respond or acknowledge the Petitioner's request.

## PRAYER FOR RELIEF.

W Wherefore, Petitioner prays  that this court grant the following relief:

1. Assume jurisdiction over this matter

2. Grant a Writ of Habeas Corpus directing the respondents to immediately release the
   Petitioner from their custody.

3. Enjoin the Respondents from transferring the Petitioner during the pendency of this
   case

4. Grant the Petitioner any other form of relief which this court deems just and proper.

**I, Duray Mandalawi, affirm under the pains and penalties of perjury that the foregoing
statements are true and correct to the best of my knowledge.**

Respectfully Submitted

DURAY MANDALAWI A29-71-0639
SUFFOLK COUNTY HOUSE OF CORRECTION
20 BRADSTON STREET
BOSTON, MA, 02118



**U.S. Department of Homeland Security**
Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Division

JFK Federal Building
Government Center
Boston, MA 02203

**MANDALAWI, Duray A29710639**
C/O BRISTOL COUNTY HofC

Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to the reviewing officials.

You are a native and citizen of IRAQ who entered the United States on August 29, 1987 at/near Boston, Ma. as a Student. On September 20, 2001 you were granted CAT/With Holding to Iraq, but ordered removed to the Republic of Slovak.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the ICE's efforts to remove you by taking whatever actions the ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by 12-29-04 Jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HOPDU), 801 I St, NW, Washington, DC 20536. HOPDU will make a final determination regarding your custody.

_____
Bruce E. Chadbourne
Field Office Director

09-28-04
Date



**U.S. Department of Homeland Security**
Immigration and Customs Enforcement
Detention & Removal Operations

*JFK Federal Building*
*Government Center*
*Boston, Massachusetts 02203*

**MANDALAWI, Duray** A29710639              16 March, 2005
C/O Suffolk County HOC

On December 21, 2000, regulations were promulgated governing aliens whose removal from the
United States is not immediately possible. These regulations are codified in Chapter 8 Code of
Federal Regulations, Section 241.4 and supercede the interim procedures that governed these
cases prior to that date.

The responsibility for conducting all future reviews in your case will be maintained by the
Immigration and Customs Enforcement Headquarters Post-order Detention Unit (HQPDU). All
inquiries regarding your present custodial status should be directed to the local Bureau office
having jurisdiction over your present place of confinement and, in duplicate, to the following
address:

Headquarters Post-order Detention Unit
801 I Street, NW- Suite 800
Washington, DC 20536

The HQPDU will, at the earliest convenience, provide you with written notification regarding the
specifics of your next review. It is in your best interest to maintain proper behavior while
awaiting this action.

Sincerely,

Bruce E. Chadbourne
Field Office Director
Boston, MA



*Office of Detention and Removal Operations*

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536

**U.S. Immigration
and Customs
Enforcement**

Duray MANDALAWAI                                    A29 710 639
C/O Boston Field Office
JFK Federal Building
Government Center
Boston, MA 02203

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

Negotiations with the government of Iraq are on going to effect your removal. There is no indication at this time that your repatriation will not occur in the reasonably foreseeable future.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____                    4/28/05
Signature of HQPDU Director/Designated Representative        Date

# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

July 12, 2004

Mr. Duray Mandalawi, I.D. # 120596
Bristol County House of Corrections
400 Faunce Corner Road
North Dartmouth, MA  02747

VIA FIRST CLASS MAIL

## Re: Enclosed Forms.

Dear Mr. Mandalawi:

I am an attorney in Boston.  I have been contacted by Prof. Susan Akram of BU Law School and Dr. Eric Aronson of Amnesty International regarding your case.  I have also spoken with Bobbie Louton.

I had originally planned to stop by this past weekend and meet with you but unfortunately, I was not able to.  It would be very helpful to me if you could let me know how I can help you, e.g., would you like me to try to help you to obtain a travel document so that you can be deported to Iraq?

Please find enclosed three forms that I need you to sign and date where indicated.  These forms will authorize me to act as your attorney and will also help me to gather information about your case.  Please return these forms to me as soon as possible in the enclosed self-addressed, stamped envelope.

Thank you for your assistance with this matter.  Please feel free to contact me during business hours at (617) 227-3080 with any questions that you may have.

Very truly yours,

Omar H. Ali

Enclosures

# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

September 17, 2004

Mr. Duray Mandalawi, I.D. # 120596
Unit & Room & GB - 25
Bristol County House of Corrections
400 Faunce Corner Road
North Dartmouth, MA  02747

VIA FIRST CLASS MAIL

## Re:  Enclosed Forms.

Dear Duray:

I just received your passport photos and the enclosed documentation.  I have already forwarded them to the Iraqi Embassy in Washington.  They should issue your passport without delay, and we will then be in a much better position to seek to have you either released or deported to Iraq.

Please find enclosed two forms that I need you to sign and date where indicated. These forms will authorize a Harvard Law School student, Sam Halabi, to assist me in representing you in this matter.  Please return these forms to me as soon as possible in the enclosed self-addressed, stamped envelope.

Thank you for your assistance with this matter.  Please feel free to contact me during business hours at (617) 227-3080 with any questions that you may have.

Very truly yours,

Omar H. Ali

Enclosures

بسم الله الرحمن الرحيم

Embassy of the Republic of Iraq
1801 P Street, NW
Washington, DC 20036
Tel: (202) 483-7500
Fax: (202) 462-5066
www.iraqiembassy.org



سفارة جمهورية العراق
واشنطن

Sep 27th . 2004

To Mr. Omar Ali

Dear Sir;

        We enclose herewith a new passport for Mr. Duray
Mandalawi number S 0011221 that was issued at this office on
Sept 27th. 2004.

        Kindly inform this office upon receiving it .

Sincerely

Consular Section
Embassy of Iraq

# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

September 29, 2004

Mr. Duray Mandalawi, I.D. # 120596
Unit & Room & GB - 25
Bristol County House of Corrections
400 Faunce Corner Road
North Dartmouth, MA 02747

## *PRIVILEGED AND CONFIDENTIAL*
## *ATTORNEY/CLIENT COMMUNICATION*

VIA FIRST CLASS MAIL

## Re: PASSPORT.

Dear Duray:

I just received your passport today from the Iraqi Embassy. Congratulations!
Please find a copy enclosed, as you have requested.

As I mentioned on the telephone to you, I will arrange to have either Dr. Eric
Aronson or another therapist stop by and meet with you briefly at Bristol. I will do my
best to let you know in advance regarding when we will conduct this meeting.

Thank you for your assistance with this matter. Please feel free to contact me
during business hours at (617) 227-3080 with any questions that you may have.

Very truly yours,

Omar H. Ali

Enclosure

# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

October 5, 2004

Mr. Duray Mandalawi, I.D. # 120596
Unit & Room & GB - 25
Bristol County House of Corrections
400 Faunce Corner Road
North Dartmouth, MA 02747

## *PRIVILEGED AND CONFIDENTIAL*
## *ATTORNEY / CLIENT COMMUNICATION*

VIA FIRST CLASS MAIL

### Re: DHS Decision to Continue Detention.

Dear Duray:

Please find the enclosed DHS Decision to Continue Detention that I just received today regarding your case.

This obviously comes as no surprise to us, since we were not expecting DHS to decide otherwise. That said, we will shortly be filing a Motion to Reopen your case, where we will be requesting your release, or in the alternative, deportation to Iraq.

Please feel free to contact me during business hours at (617) 227-3080 with any questions that you may have.

Very truly yours,

Omar H. Ali

Enclosure

# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

February 17, 2005

Mr. Duray Mandalawi, I.D. # 0405692
Suffolk County House of Corrections
20 Bradston Street
Boston, MA  02118

## *PRIVILEGED AND CONFIDENTIAL*
## *ATTORNEY / CLIENT COMMUNICATION*

VIA FIRST CLASS MAIL

### Re: Update.

Dear Duray:

Thank you for your letter dated February 16, 2005 in which you notified me of your meeting with Officer Perez regarding a possibility of release.

I have followed up with my contacts at ICE in Boston, and they have advised me that ICE has not changed their position regarding your case, i.e., they have no plans to release you. Rather, they remain intent on attempting to deport you to Iraq through either Turkey or Jordan. Furthermore, I am currently working with Prof. Susan Akram to locate an attorney who is willing to file a writ of habeas corpus on your behalf, to hopefully force ICE to either deport or release you.

Please feel free to contact me during business hours at (617) 227-3080 with any questions that you may have.

Very truly yours,

Omar H. Ali

# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

April 14, 2005

Mr. Duray Mandalawi, I.D. # 0405692
Suffolk County House of Corrections
20 Bradston Street
Boston, MA  02118

## *PRIVILEGED AND CONFIDENTIAL*
## *ATTORNEY / CLIENT COMMUNICATION*

VIA FIRST CLASS MAIL

### Re: Update.

Dear Duray:

I hope you are well.  I am currently working with Officers Alan Greenbaum and Claudia English at DHS to find some way to have you sent home.

Officer Greenbaum and I are working with Congressman McGovern's office to try to have you sent home on military aircraft - since no commercial aircraft is currently permitted to fly into Iraq.  Officer English and I are working with your sister, Ghaida and the UAE Embassy in Washington to try to obtain a visitor visa for you so that you can be sent to the UAE.

To that end, **please complete the enclosed UAE visitor visa applications where I have highlighted and return them to me as soon as possible (in the enclosed self-addressed stamped envelope) with two passport-style photos**.

Please feel free to contact me during business hours at (617) 227-3080 with any questions that you may have.

Very truly yours,

Omar H. Ali

Enclosures

**Decision of Post Order Custody Review – Detain**
A29 710 639, MANDALAWAI, Duray
Page 2

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _EFRAIN PEREZ_ , _IEA_ ,

                Name of ICE Officer                         Title

certify that I served _DuRAY MANDAlawAi_ with a copy of

                            Name of detainee

this document at _SuFFolk County H of C_ on _MAy 4th 200⁵_ at _0900_ .

                  Institution                       Date            Time

(b)    I certify that I served the custodian _EFRAiN PEREZ_ ,

                                            Name of Official

_IEA_ , at _Suffolk county House of Corrections_, on

     Title                                Institution

_MAy 4th 200⁵_ with a copy of this document.

  Date

## OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____ , _____ , certify

             Name of ICE Officer                   Title

that I served _____ and the custodian _____ .

             Name of detainee                   Name of Official

with a copy of this document by certified mail at _____ on _____ .

                                          Institution             Date

( )  cc: Attorney of Record or Designated Representative
( )  cc: A-File



# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

July 11, 2005

Mr. Duray Mandalawi, I.D. # 0405692
Suffolk County House of Corrections
20 Bradston Street
Boston, MA  02118

VIA FIRST CLASS MAIL

Dear Duray:

This is in response to your letter postmarked July 7, 2005.  I hope you are holding up ok under these difficult circumstances.

I last spoke with Ghaida a few weeks ago.  She called me after speaking with a consular official at the UAE Consulate in Washington.  The official told Ghaida that they would be unable to grant you a visitor visa unless you were currently in lawful status in the United States.  Therefore, Ghaida decided not to send me the DHL package with the visa documents.

I have a call in to Officer Claudia English at DHS regarding an update on your deportation but have not heard back from her yet.  I will continue to follow up with her.

Other than the aforementioned, we are still trying to find someone able and willing to seek habeas relief on your behalf; however, we have been unsuccessful thus far.  We will continue to pursue this avenue as well.

Please feel free to contact me with any questions that you may have.

Very truly yours,

Omar H. Ali

Transaction Detail for
92182 MANDALAWI, DURAY

Date        Transaction                                              Amount
11/05/2004  VISIT         I.C.E.                                      426.52
03/22/2005  MAIL          WESTERN UNION #08083690630                  100.00
            PURCHASE  Commissary and vending purchases               -525.77
                                               Total:                   0.75


US ICE Detainee
(Offender)                              (Officer)

DURAY MANDALAWI, A29-71-0639
SUFFOLK COUNTY HOUSE OF CORRECTION,
20 BRADSTON STREET,
BOSTON, MA, 02118

JUNE 17th, 2005

HEADQUARTERS POST-ORDER-UNIT,
801 1 STREET, NW, - SUITE 800
WASHINGTON, DC, 20536

## RE: 8 C.F.R. § 241.13(d) [ CUSTODY REVIEW]

This is my formal request for custody review determination. I believe that I have been held
in custody beyond the presumptively reasonable time, whereas the statute explictly
contemplates release of an alien upon the expiration of the removal period in 8 U.S.C § 1231(a)
(3); 8 C.F.R § 241.5 (2004) wherein it provides conditions of supervision upon release.

If I am not going to be released and or deported in a reasonably foreseeable future, I want
ICE to give me cogent reasons and specific facts as to why my 90-Day removal period is being
tolled. I have cooperated fully with Ms. Claudia English and moreover, I am neither a flight
risk nor a menance to society.

In Zadvydas v. Davis, the court read § 1231 to authorize continued detention of an alien
following the 90-Day removal period for only such times as is reasonably necessary to secure
the alien's removal, but Zadvydas is completely different from my case in several aspects:
1. The continued detention here doesn't serve it's purported purpose.
2. My removal to IRAQ has been and still is practically un-attainable.
3. Previous reasons offered by the Service in order to continue my detention has been hooey
   at best, and it's indeed the reason why ICE hasn't been able to effectuate my removal.
4. I have exhausted all my administrative remedies and my removal to IRAQ is not foreseeable
   in the near future, and hence efforts by congressman McGovern to have me taken to IRAQ
   by a U.S millitary plane has been unavailing.
5. United Arab Emirates has decline to give me a tourist visa and so xxxx has been Turkey
   and Jordan .
6. Since no cemmercial airline is currently permitted to fly over or to IRAQ my removal is
   not foreseeable in the nearby future.
7. I have been under ICE's custody since June 5th, 2004 awaiting deportation which hasn't
   been forthcoming.
8. I'm languishing behind bars while ICE very well knows that they cannot be able to remove
   me to IRAQ.

Respectfully Submitted,

DURAY MANDALAWI A29-71-0639

[PERSONAL] AFFIDAVIT IN SUPPORT OF WRIT OF HABEAS CORPUS.

Petitioner, Duray Mandalawi, was born in IRAQ on January 21st, 1965. He emigrated to U.S.A with an F-1 Visa on August 29th, 1987, to attend Clark University in Worcester, Massachusetts. While still in college, IRAQ invaded kuwait and as a conscrpted member of Kudish National Congress ("KNC") based in Washington DC, Petitioner was supposed to ẋẋ return back to IRAQ to fight for his country; an invasion that petitioner despised and publicly criticized. As a defector, IRAQI embassy severed Petitioner's financial aide to further his education and for the same reason he also lost his scolarship which had been granted by the Government of IRAQ.

On August 15th, 1991, Petitioner applied for and was subsequently granted political asylum. Armed with permanent residence, Petitioner resumed schooling to better his life. IN the course of several years, Petitioner worked for various indurstries, got married (07/04/1994) and had  a child to consummate his marriage on ẋẋ1yẋẋ1hẋẋ1994 February 1st, 1995. While these was going on Petitioner was diagnosed with Post-trauma depression syndrome (PTSD), bipolar, anhedonis, chronic depression ... etc. To cure the emotional pain and un-relenting psyche, Petitioner started abusing drugs and alcohol. He became more interested in hanging out with his peers than caring for his family, and before he realized he was divorced, homeless and with nowhere to go.

Drugs and alcohol addiction also made the Petitioner a frequent guest of the criminal justice system. Among other things, Petitioner has been convicted of crimes ranging from Impersonating a police officer, disorderly conduct, indicent assualt and battery, driving while intoxicated, criminal mischief, possession of class D substance with intent, violation of prevention abuse ... etc.

Because Petitioner's life had taken a turn for the worse, he enrolled [voluntary] in mental health counselling and substance abuse program with Dr. Douglas Tailor at 87 Russel Street in Worcester, MA to rehabilitate himself. As things had just began  to progress; Petitioner's mental status was improving, he had been sobber for nine months, held a full time job as a sales coordinator for Lexi Cooporation ... etc INS caught up with Petitioner's derelictions. They used a trickster and asked Petitioner (through the mail) to come to JFK Federal building in Boston to pick up his LPR I-130. When petitioner went there on June 19th, 2001, he was arrested by INS officials and taken into their custody.

Deportation proceedings commenced and on October 1st, 2001 Petitioner was granted withholding of removal under convention against torture ("CAT") and was ordered deported to Slovakia. INS released him from their custody on January 23rd, 2002 when Slovakia refused to accept the Petitioner under an order of supervision wher he was supposed to report at JFK Building on 17th Floor on every first business day of the month. Petitioner obliged and never missed a day on when he was supposed to report.

After being released from INS custody, Petitionersxnixpxxd mental health relapsed because he didn't have health insurance to cover his treatment and the cost of the psychotic drugs that he required. Petitioner went without medication for a period of time and that is when he started experiencing PTSD symptoms: helplessness, hoplessness, day dreams so vivid that Rxx Petitioner thought that he was being tortured [flashbacks], thoughts that in some way resembled trauma, insomnia, problems falling asleep and or maintaining sleep, frequent frightening nightmares, emotional numbness, paranoia, suicidal ideations ... etc. He voluntari checked in Umass Medical hospital psych ward for treatment where he was admitted, treated & released two weeks later. Petitioner checked in again in Cambridge Hospital TReatment Center on May 2002. While in there he made comments that he wished something would happen to both him and his daughter so that they would both die. He also told his doctor that his thoughts we telling him to strap explosives and blow himself up infx in front of IRAQI's embassy front office. Petitioner's doctor took this as a threat and related the information to INS. INS lodged a detainer and subsequently transferred the Petitioner to Bristol County House of correction on June 5th, 2002.

Petitioner has been under INS' custody ever since without recourse. INS never gave him any reason whatsover why his 90-Day removal period has been tolled. After INS tried and re-tried to remove Petitioner to Slovakia, efforts that turned out to be futile, Petitioner with dreww his convention xgdx against torture on December 5th, 2004 to make it easier for the Servixe because being a citizen and a national of IRAQ, IRAQI government will be more than willing to accept him. Immigration judge accepted Petitioner's request to be deported to IRAQ on 12/05/2004. Since that time INS as well as the Petitioner have both tried in vain to obtain VIZA's to United Arab Emirates, Slovakia and transit visa to TURKEY or JORDAN.

On May 5th, 2005 ICE's officer Efrain Perez told petitioner thatiMX INS was successful in obtaining transit visa for5 50 other iraqi's before the Petitioner. He told Petitioner that the reason he hadn't been deported on time was because "no commercial airlines were being allowed to go to IRAQ or fly over iraqi's airspace." But through Turkey or Jordan that's the route INS is now using to deport people to IRAQ.

Petitioner's attorney, Omar H. Ali, contacted congressman McGovern's office to try and have petitioner sent to iraq on a United States military plane. That route also has been unavailing.

Petitioner has done everything possible to expedite his removal and for the reasons stated abov he would appreciate being released on supervision until there is a resolution to his case. Him and his entire family at large has languished greatly due to Petitioner's extended incarceration.

Signed under the pains and penalties of perjury.          Dupe-mandalawi

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Mandalawi, Duray A29-71-0639  )
                              )
            v.                )        CIVIL No. ---------------------
                              )
Chdbourne, èt al              )
                              )        MOTION FOR THE APPOINTMENT OF COUNSEL
                              )
_____)

Now comes the Petitioner, Duray Mandalwi, who moves this court to assign him counsel
pursuant to Federal Rules of Civil Procedure § 3006. In support of this motion,
Petitioner alleges the follows:

1. That he has been detained by ICE at Suffolk County House of Correction beyond the
   "presumptively reasonable time" set forth in Zadvydas v. Davis, after the final
   order of removal.

2. That based on the merits of the case, his likelihood of success is insumountible;
   but without the assistance of counsel, that likelihood will be remote to a point
   where he will not prevail even with a prima facie case as it is right now.

3. That he is an indigent person without no means or wherewithal, and has been
   since June 5th, 2002.

4. That his case involves exigent matters of laws and serious violations of the U.S
   Constitution, International laws and treaties of the United States by the
   Respondents.

5. Inasmuch, a layperson such as Petitioner will be prejudiced, because he doesn't
   have any legal knowledge, if the court fails to appoint counsel for him.

6. That under 28 U.S.C § 1915, he is entitled for the relief sought.

7. That it would be in his best interest if this court would appoint counsel for him.

Signed under the pains and penalties of perjury.

                                        Respectfully Submitted

                                        Duray Mandalawi # A29-71-0639

~ 240 (Rev. 9/96)

# United States District Court

DISTRICT OF

Plaintiff

**MANDALAWI, DURAY**

V.

**CHADBOURNE, et al**
Defendant

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

CASE NUMBER:

I, **DURAY MANDALAWI # A29-71-0639** _____ declare that I am the (check appropriate box)

☐ petitioner/plaintiff/movant          ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?          ☐ Yes          ☐ No          (If "No" go to Part 2)

   If "Yes" state the place of your incarceration **SUFFOLK COUNTY HOUSE OF CORRECTION**

   Are you employed at the Institution? **NO** _____ Do you receive any payment from the institution? **NO**

   Have the institution fill out the Certificate portion of this affidavit and attach a ledger sheet from the institu-tion(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed?          ☐ Yes          ☐ No

   a. If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   **NOT APPLICABLE**

   b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have your received any money from any of the following sources?

   a. Business, profession or other self-employment          ☐ Yes          ☐ No
   b. Rent payments, interest or dividends                    ☐ Yes          ☐ No
   c. Pensions, annuities or life insurance payments          ☐ Yes          ☐ No
   d. Disability or workers compensation payments             ☐ Yes          ☐ No
   e. Gifts or inheritances                                   ☐ Yes          ☐ No
   f. Any other sources                                       ☐ Yes          ☐ No

   If the answer to any of the above is "Yes" describe each source of money and state the amount received **and** what you expect you will continue to receive.

2004 12:22 FAX 4017527247   US DISTRICT COURT. RI   Form 2C

# FINANCIAL AFFIDAVIT

**CJA 23**

### IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

**REV. 5/98**

| IN UNITED STATES | ☐ MAGISTRATE ☐ DISTRICT ☐ APPEALS COURT or ☐ OTHER PANEL (Specify below) | LOCATION NUMBER |
|---|---|---|
| IN THE CASE OF | | |

IN THE CASE OF **MANDALAWI** vs **CHADBOURNE**

FOR

AT

LOCATION NUMBER

PERSON REPRESENTED (Show your full name)

► **DURAY MANDALAWI A29-71-0639**

1 ☐ Defendant—Adult
2 ☐ Defendant—Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Parole Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other (Specify) _____

**DOCKET NUMBERS**

Magistrate

District Court

Court of Appeals

CHARGE/OFFENSE (describe if applicable & check box → )   ☐ Felony   ☐ Misdemeanor

**none**

**HABEAS CORPUS PURSUANT TO § 2241**

---

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

| | | |
|---|---|---|
| **ASSETS** | **EMPLOY-MENT** | Are you now employed?  ☐ Yes  ☐ No  ☒ Am Self Employed |
| | | Name and address of employer: _____ |
| | | IF YES, how much do you earn per month? $_____   IF NO, give month and year of last employment. How much did you earn per month $ **May, 2002** |
| | | If married is your Spouse employed?   ☐ Yes   ☐ No |
| | | IF YES, how much does your Spouse earn per month? $ **N/A**   If a minor under age 21, what is your Parents or Guardian's approximate monthly income $ _____ |
| | **OTHER INCOME** | Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources?  ☐ Yes  ☒ No |
| | | RECEIVED                    SOURCES |
| | | IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY $ _____ _____ THE SOURCES |
| | **CASH** | Have you any cash on hand or money in savings or checking account  ☐ Yes  ☒ No   IF YES, state total amount $_____ |
| | **PROP-ERTY** | Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  ☐ Yes  ☒ No |
| | | VALUE                    DESCRIPTION |
| | | IF YES, GIVE VALUE AND $ _____ _____ DESCRIBE IT _____ _____ |

| | | MARITAL STATUS | Total No. of Dependents | List persons you actually support and your relationship to them |
|---|---|---|---|---|
| **OBLIGATIONS & DEBTS** | **DEPENDENTS** | ☐ SINGLE  ☐ MARRIED  ☐ WIDOWED  ☒ SEPARATED OR DIVORCED | **0** | _____ |
| | **DEBTS & MONTHLY BILLS** (LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.) | APARTMENT OR HOME: | Creditors | Total Debt      Monthly Payt |
| | | | | $_____    $_____ |
| | | | | $_____    $_____ |
| | | | | $_____    $_____ |
| | | | | $_____    $_____ |

I certify under penalty of perjury that the foregoing is true and correct. Executed on (date) _____

SIGNATURE OF DEFENDANT
(OR PERSON REPRESENTED) ►

JS 44 (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as require by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for th use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**MANDALAWI, DURAY**

**A29-71-0639**    SUFFOLK

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

*Pro Se*

## DEFENDANTS Bruce Chadbourne, office Director

DHS/BICE, et. al, Alberto Gonzales, U.S Attorney General, Andrea Cabral, Suffolk County, House of Corr- Sheriff

County of Residence of First Listed ___Suffolk___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaint
(For Diversity Cases Only) and One Box for Defendant

|  | DEF |  |  |  |
|---|---|---|---|---|
| Citizen of This State | ☐ 1  ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2  ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3  ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce ICC Rates, etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☒ 530 General | | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 (Petitioner is detained by Bureau of Immigration + Customs Enforcement)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint.

JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDG E

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUN          APPLYING IFP          JUDGE          MAG JUDGE

Form 2A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.   Title of case (name of first party on each side only)____**MANDALAWI V. CHADBOURNE**_____

2.   Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
     local rule 40.1(a)(1)).

     ☐    I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

     ☐    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

     ☐    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

     ☒    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

     ☐    V.     150, 152, 153.

3.   Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in
     this district please indicate the title and number of the first filed case in this court.

     _____

4.   Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                           YES ☐       NO ☐

5.   Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
     28 USC §2403)

                                                                           YES ☐       NO ☐

     If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                           YES ☐       NO ☐

6.   Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                           YES ☐       NO ☒

7.   Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
     Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
     40.1(d)).

                                                                           YES ☒       NO ☐

          A.     If yes, in which division do all of the non-governmental parties reside?

                 Eastern Division  ☒         Central Division  ☐         Western Division  ☐

          B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
                 agencies, residing in Massachusetts reside?

                 Eastern Division  ☐         Central Division  ☐         Western Division  ☐

8.   If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
     yes, submit a separate sheet identifying the motions)

                                                                           YES ☐       NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ____**PRO SE;   DURAY MANDALAWI, A29-71-0639**_____
                                **SUFFOLK COUNTY HOUSE OF CORRECTION**
ADDRESS _____**20 BRADSTON STREET,**_____
                                **BOSTON, MA, 02118**
TELEPHONE NO. _____

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MANDALAWI, DURAY A29-71-0639** | ) |
| Petitioner | ) |
| v. | ) |
| | ) CIVIL No.  ------------------------- |
| **ALBERTO GONZALES, U.S Attorney General** | ) |
| **BRUCE CHADBOURNE, ICE Field Office Director** | ) |
| **ANDREA CABRAL, Suffolk County Sherrif** | ) |
| Respondents | ) |
| | ) |

**PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO U.S.C § 2241.**

Petitioner, Duray Mandalawi a29-71-0639, hereby petitions this court for a writ of habeas corpus  pursuant to U.S.C § 2241 to remedy his unlawful detention, and to enjoin his unlawful detention by the Respondents.

In support of this petition and complaint for injunctive relief, Petitioner alleges the follows:

1. He is a native and citizen of IRAQ who was ordered deported to Slovakia by an immigration judge ("IJ" hereinafter) on 10/01/2001. Petitioner did not appeal and thus the order became final. After the respondents were unable to remove him to Slovakia, they released the Petitioner under supervision in which Petitioner obliged and carried out the order, and never missed a day when he was suppossed to report.

2. On 06/05/2002 Respondents took Petitioner back into their custody and Petitioner has been held ever since. Petitioner has been detained by Immigration & Customs Enforcement ("ICE" hereinafter) for over three years awaiting deportation, all of which has been unencumbered.

ẍx                                   **PARTIES**

3. Respondent, Alberto Gonzales, is the Attorney General of the UNited States of America. He is responsible for the administration of ICE, and the implementation and enforcement of immigration laws. Insofar, he is the ultimate legal custodian of the Petitioner.

4. Respondent, Bruce Chadbourne, is the Department of Homeland Security; Bureau of ICE field office director in Boston Field Office. As such, he is the local ICE official who has the immediate custody of the Petitioner. DHS is the agency that implements and enforces the immigration laws.

.

5. Respondent, Andrea Cabral, is the sherrif at Suffolk County House of Correction where the Petitioner is currently being detained. Because ICE contracts with states prisons such as Suffolk H.O.C in Boston, MA to house immigration detainees, she has immediate custody of the Petitioner.

## CUSTODY.

6. Petitioner is currently detained at Suffolk County House of Correction in Boston, MA. ICE has contracted with state's Bureau of Prisons to house immigration detainees such as Mr. Mandalawi. Thus, Petitioner is under direct control of the respondents and their agents.

## JURISDICTION.

7. This action arises under the Constitution of United States, the Immigration and Nationality Act ("INA" hereinafter); 8 U.S.C § 1101 et seq as amended by IIRIRA of 1996, Pub. L. No. 104 - 208, 110 Stat. 1570, and the Administrative Procedure Act (APA) 5 U.S.C § 701 et seq.

8. SUBJECT MATTER JURISDICTION: Federal jurisdiction is proper here under 28 U.S.C § 2241. The general habeas corpus statute provides federal courts with the authority to grant writ of habeas corpus to a person held in violation of the Constitution or the laws and treaties of the United States. 28 U.S.C § 2241(c)(3). The statute also grants federal courts jurisdiction to review the lawfulness and the constitutionality of the executive detention. Therefore, this court has subject matter jurisdiction to entertain Petitioner's petition of habeas corpus challenging post-removal dentention period.

9. PERSONAL JURISDICTION: For thoroughness, this court has personal jurisdiction over the Petitioner. The controlling statute confers upon federal courts the authority to grant writ of habeas corpus " within their respctive jurisdiction." 28 U.S.C § 2241. The personal jurisdiction is determined by the presence of the custodian within xhxxx territorial jurisdiction of the court. Braden v. 30th Judicial Circuit Court, 410 U.S 484, 495, 35 L.Ed. 2d 443, 93 S.Ct. 1123 (1973).

10. The United States 5th Circuit court of appeals has stated firmly that the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition. Lee v. Wetzel, 244 F. 3d 370, 373 (5th Cir, 2001). However, this requirement is determined and satisfied at the time the petition is filed. Id at 370 n.5 (citing St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir, 1988)("jurisdic - tional facts must be judged at the time the complaint is filed.")) Petitioner at the time of filing, is within the territorial jurisdiction of this district. Therefore, this court has total jurisdiction over Petitioner's petition and his custodian.

- 2 -

## VENUE.

11. The venue lies in the district of Massachusetts because Petitioner is currently
    detained at Suffolk County House of Correction in Boston, MA. Venue in the district
    of Massachusetts is also proper because Petitioner is in custody of the Respondent
    Bruce Chadbourne; Boston Field Office Director – the district which encompasses
    Massachusetts. 28 U.S.C § 1391.

### exhaustion of the administrative remedies.

12. Petitioner has exhausted his administrative remedies to the extent required by law,
    and his only remedy is by way of Zadvydas through this judicial action. After the xx
    supreme court decision in Zadvydas v. Davis, Department of Justice issued regulations
    governing the custody of aliens ordered deported. See 8 C.F.R § 241.4

### EXHAUSTION IS NOT REQUIRED.

13. Should the government contend that the instant petition should be dismissed since
Pe Petitioner has not exhausted his administrative remedies or has failed to pursue
    all his administrative remedies, the court should look at that argument with a grain
    of salt because it would be without merit. Mr. Mandalawi's failure to exhaust all
    his administrative remedies does not and should not hamper this court's ability to
    exercise jurisdiction over his petition. Fernandes v. INS, 79 F.Supp. 2d 44, 46
    (D.R.I 1999) "where congress specifically mandates, exhaustion is required. But
    where congress has not clearly required exhaustion, sound judicial discretion governs."
    McCathy v. Madigan, 503 U.S 140, 144, 112 S.Ct. 1081, 117 L.Ed. 2d 291 (1992)(citations
    omitted). Although congress has substantially rewritten much of immigration statutes,
    it has not created an exhaustion requirement for judicial review of custody claims.
    Fernandes at 46 (citing Hermanowski v. Farquharson, 39 F.Supp.2d 148, 152 (D.R.I 1999))

14. Therefore, exhaustion of the administrative remedies is not a prerequisite to this
    courts invocation of jurisdiction over this habeas petition. Moreover, at stake in
    this proceedings is a constitutional determination regarding the validity of Petitioner's
    detention. Because Petitioner's substantive due process rights under 5th Amendment
    does not implicate the adequacies of the procedures afforded to him by ICE in applying
    the provisions of INA, Petitioner "is not statutorily required to exhaust his
    administrative remedies prior to seeking judicial relief for the violation of his
    due process rights." Hermanowski at 152 (quoting Wang v. Reno, 81 F.3d 808, 814
    (9th Cir. 1996)).

- 3 -

## STATEMENT OF FACTS.

### 15. BACKGROUND:

Petitioner was born in IRAQ on 01/21/1965. He emigrated to United States as a student to attend Clark University in Worcester, MA. On 08/15/1991 petitioner applied for and was subsequently granted political asylum. On 06/19/2001 Petitioner was served with Notice to Appear, ... deportation proceedings commenced, He was granted withholding of removal under Convention Against Torture ("CAT" hereinafter) and was ordered removed to Slovakia. On 01/23/2002 ICE released petitioner from their custody when Slovakia refused to accept him as one of theirs, under an order of supervision. Petitioner obliged and never missed a day. On 06/05/2002 ICE re-arrested the Petitioner and he has been held ever since.

### 90-DAY & Six-Month Custody Review.

16. ICE first reviewed Petitioner's detention status on 09/28/2004, two years plus after the service had re-arrested Petitioner for "deportation", and need I not mention that all that period was unencummbered, pursuant to post-order custody review procedures at 8 C.F.R § 241.4 In a letter dated 09/28/2004, ICE denied petitioner's request for release outlining the obvious that he is "a native and citizen of IRAQ who entered United States ... but ordered removed to Slovak." As a result, Petitioner's case was transferred to HQPDU which conducted a six month review. In a letter dated 04/28/2005 HQPDU parroted the exact copy which had been served to the Petitioner on August 28th, 2004 but xxxxxxx went on further to state, that "negotiations with IRAQI government are on-going to effect your removal and there is no indication that at this time that your repatriation will not occur in the reasonably foreseeable future."

### ICE'S INABILITY TO SHOW THAT PETITIONER'S DEPORTATION IS "REASONABLY FORESEEABLE" DESPITE HIS FULL COOPERATION.

17. Thirty days has passed since Petitioner's last custody review, and ICE has not notified Mr. Mandalawi or informed him of any progress in his repatriation despite Petitioner's 8 C.F.R § 241.13(d) request on June 17th, 2005. See Exhibit No. 3

18. To Petitioner's knowledge, neither the government(s) of IRAQ, TURKEY and or JORDAN has not issued his travel documents on the former and "transit visa" on the latter, and indeed neither ICE nor IRAQI embassy has provided any indications that IRAQ will be accepting commercial airlines in the reasonably foreseeable future.

19. Petitioner need not make a showing that his removal is impossible. See Zadvydas, 533 U.S at 702 (rejecting this requirement of the 5th Cir., Zadvydas court). ALthough some possibility of removal may exist, petitioner's period of post-final-order detention has been sufficiently long such that a remote, non-specific possibility cannot satisfy respondents' burden of proof. See Mohamed v. Ashcroft, 2002 U.S Dist. Lexis 16179, at *3

(W.D Wash. April 15, 2002)(adopting magistrate's finding that government did not meet <u>Zadvydas</u> burden because it provided no information regarding when or how it expected to obtain documents or cooperation from thw foreign Government.)

20. ICE has never asserted that petitioner has failed to cooperate in his deportation, and it bbetter not start or do it here now. THrough Petitioner's own initiative, and with the help of friends and family, Petitioner has done everything in his power to expedite his removal to IRAQ or to any other country willing to accept him. This includes and not limited to IRAQ, United Arab Emirates("UAE"), Slovak, Turkey, Jordan et cetera. All this effort has been un-availing. Turkey and Jordan has still yet to respond to his transit visa request.

## ICE HAS OFFERED NO EVIDENCE THAT REPATRIATION IN PETITIONER's INDIVIDUAL CASE IS REASONABLY FORESEEABLE NOW.

21. Petitioner avers that everything ICE has proffered to him has been nothing but empty promises. While negotiations with IRAQ government are on-going at the speed of cold molasses, Petitioner is languishing in jail without any hope of ever getting deported. Petitioner strongly believe ICE's effort to remove him to IRAQ through Turkey or Jordan has been futile. It's been more that six months since Petitioner heard of such, a period longer than the "post-removalperiod".

## LEGAL FRAMEWORK FOR RELIEF SOUGHT.

22. In <u>Zadvydas</u>, the supreme court held that 8 U.S.C § 1231(a)(6), when "read in light of the Constitutional demands, limited an alien's post-removal period detention to a period reasonably necessary to bring about the alien's removal from United States." <u>Id</u> at 2498. A "habeas court must [first] ask whether the detention in question exeeds a period necessary to secure removal." <u>ID</u> at 2504. If the individuals removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by the statute." <u>Id</u>

23. In determining the length of a reasonable removal period, the court adopted a "pre-sumptively reasonable period of detention" of six months. <u>Id</u> at 2504. After six months, the government bears the burden of disapproving an alien's good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. <u>See</u> <u>Zhou v. Farquharson</u>, 2001 U.S Dist. Lexix 18239, *2 - *3 (D. Mass. Oct. 19, 2001) (qouting and summarizing <u>Zadvydas</u>). Moreover, "for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." <u>Zadvydas</u> at 2505

- 5 -

24. Officer Efrain Perez's statement on 05/04/2005 that "INS was successful in obtaining a transit visa for 50 other IRAQI's before him" to Turkey or Jordan also turned out to be false.

25. If ICE was able to remove this many iraqi's in the past, this fact may underscore the problem ICE is having in removing the Petitioner, particularly since the Petitioner has been in ICE custody since 12/05/2004 and his transit visa has been "requested" from the embassies of Turkey and Jordan, and "pending" since that time. See Seretse-Khama v. Ashcroft, 215 F.Supp. 2d 37, 48 (D.D.C 2002)( finding that an INS' claim made 9-months earlier that a travel document was "pending" turned out to be false).

26. Looked at in a different way, the ICE's apparent success in removing 50 iraqi's before Him speaks to the likelihood, or rather the lack thereof, of removing Petitioner in the reasonably foreseeable future.

27. Evidence showing successful repatriation of other persons to the country at issue is not even sufficient to meet the governments burden to establish that an alien Petitioner will be deported within the reasonably foreseeable future. See Thompson v. INS 2002 U.S Dist. Lexis 23936 (E.D. La Sept. 16, 2002)(government failed to show that an alien's deportation to Guyana was reasonably foreseeable where the government offered historical statistics of repatriation to Guyana, but failed to show any response from Guyana on the application for travel documents that INS and the Petitioner had requested); Kacanic v. Elwood, 2001 U.S Dist. Lexis 21848 at *14 (E.D Penn. Nov 8, 2002) (government reliance on data concerning removals of other aliens to Yugoslavia did not satisfy Zadvydas because government failed to give information about the number of aliens that were denied travel papers and did not provide individualized information about the removed alien's that would allow "a meaningful comparison" of the removed aliens to the Petitioner); Ablahand v. Ashcroft, 2002 U.S Dist. Lexis 17405 at *4 (N.D III. Sept. 6, 2002)(evidence that aliens have been deported to Petitioner's country is not sufficient to carryout the government's burden under Zadvydas).

28. For the government to meet its burden of showing that an alien's repatriation is reasonably foreseeable, it must provide some meaningful evidence particular to the individual Petitioner's case. Compare Thompson, Kacanic and Ablahand with Khan v. Fasano, 194 F.Supp. 2d 1134 (S.D. Cal. 2001)(eight months detention following final order was not unreasonable where INS requested travel documents for petitioner, Pakistani Consulate indicated that Petitioner's travel document application had been forwarded to the appropriate ministry, INS had successfully repatriated 476 Pakistani nationals during 2001, suggesting that there were no "institutional barriers" to successful repatriation, and moreover, a meeting had been scheduled with Pakistani government to discuss the case).

29. An alien who has been detained beyond the presumptive reasonable time ("six months)
    should be released when the government is unable to present documented confirmation
    that the foreign government at issue will agree to accept the particular individual
    in question. See Agbada v. John Ashcroft, 2002 U.S Dist. LEXIS 15797 (D.Mass August
    22, 2002)(Court "will likely grant" habeas Petition after 14-months if ICE "is
    unable to present document confirmation that the Nigerian government has agreed to
    [Petitioner's] repatriation"); Zhou, 2001 U.S Dist. Lexis 18239 (ordering that the writ
    of habeas corpus issue within 60 days, given Petitioner's 13-month detention and
    the INS' inability to assure the court that the paperwork from China was on it's
    way); Abdu v. Ascroft, 2002 U.S Dist. Lexis 19050 at *7 (W.D. Wash. February 28,
    2002)(government's failure to offer specific information regarding how or when it
    expected to obtain  the necessary documentation or cooperation from the foreign
    government indicated that there was no significant likelihood of Petitioner's
    removal in the reasonably foreseeable future); Kacanic, 2001 U.S Dist. Lexis 21848
    (where alien had been detained for a year, lack of definitive answer from  foreign
    embassy as to the issuance of travel documents - or any indication that a definitive
    answer was likely - showed that removal was not reasonably foreseeable);
    Mohamed v. Ashcroft, 2002 U.S Dist. Lexis 16179 at *7 (W.D. Wash April 15, 2002)
    (granting writ of habeas where lack of definite answer from the foreign consulate
    indicated that no removal was likely in the reasonably foreseeable future).

## CLAIMS FOR RELIEF.

### COUNT ONE: statutory violation

30. Petitioner re-alleges and incorporates by reference paragraphs ONE through TWENTY
    NINE above.

31. Petitioner's continued detention by the Respondents violates INA § 241(a)(6), as
    interpreted in Zadvydas. Petitioner's six-month presumptively reasonable time for
    continued removal passed over two years ago. 12/05/2002 to be precise. For reasons
    outlined above in paragraphs 1 through 29, Petitioner's removal to IRAQ  through
    TURKEY or JORDAN is not reasonably foreseeable. The supreme court held in Zadvydas
    that the continued detention of someone after six months where deportation is not
    reasonably foreseeable is unreasonable and in violation of INA § 241.

### COUNT TWO: substantive due process violation.

32. Petitioner re-alleges and incorporates by reference paragraphs 1 through 31 above.

33. Petitioner continued detention violates his right to substantive due process by
    depriving him of his core liberty interest, to be free from bodily restraint. The
    due process clause requires that the deprivation of Petitioner's liberty be

7

narrowly tailored to serve a compelling government interest. While the respondents
have a compelling government interest in detaining the Petitioner inorder to effectuate
his removal, that interest does not exist if the Petitioner cannot be deported. The
supreme court in Zadvydas thus interpreted INA § 241 to allow continued detention only
for a period reasonably necessary to secure the alien's removal because any other
reading would go beyond the government's articulated interest to effectuate the alien's
removal.

COUNT THREE: Procedural due process violation

34. Petitioner re-alleges and incorporates by reference paragraphs 1 through 33 above.

35. Under the due process clause of the United States Constitution, an alien is entitled
   to a timely and a meaningful opportunity to demonstrate that he should not be detained.
   In this case, Petitioner has been denied that opportunity as there is no administrative
   mechanism in place for the Petitioner to:demand a decision, (ii) ensure that a decision
   will be made, (iii) or appeal a custody decision that violates Zadvydas.

36. Petitioner's 8 C.F.R § 241.13(d) request to HQPDU on June 7th, 2005 has gone unanswered.

37. Generally, when faced with such a request, HQPDU must respond within ten (10) business
   days to acknowledge the reciept of such a request, and to explain the process that will
   be followed to consider the alien's request. 8 C.F.R § 241.13 (e)(1). HQPDU has yet to
   respond or acknowledge the Petitioner's request.

## PRAYER FOR RELIEF.

W Wherefore, Petitioner prays  that this court grant the following relief:

1. Assume jurisdiction over this matter

2. Grant a Writ of Habeas Corpus directing the respondents to immediately release the
   Petitioner from their custody.

3. Enjoin the Respondents from transferring the Petitioner during the pendency of this
   case

4. Grant the Petitioner any other form of relief which this court deems just and proper.

**I, Duray Mandalawi, affirm under the pains and penalties of perjury that the foregoing
statements are true and correct to the best of my knowledge.**

Respectfully Submitted

DURAY MANDALAW1 A29-71-0639
SUFFOLK COUNTY HOUSE OF CORRECTION
20 BRADSTON STREET
BOSTON, MA, 02118



**U.S. Department of Homeland Security**
Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Division

JFK Federal Building
Government Center
Boston, MA 02203

**MANDALAWI, Duray A29710639**
C/O BRISTOL COUNTY HofC

Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to the reviewing officials.

You are a native and citizen of IRAQ who entered the United States on August 29, 1987 at/near Boston, Ma. as a Student. On September 20, 2001 you were granted CAT/With Holding to Iraq, but ordered removed to the Republic of Slovak.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the ICE's efforts to remove you by taking whatever actions the ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by 12-29-04 Jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HOPDU). 801 I St, NW, Washington. DC 20536. HOPDU will make a final determination regarding your custody.

Bruce E. Chadbourne
Field Office Director

09-28-04
Date



**U.S. Department of Homeland Security**
Immigration and Customs Enforcement
Detention & Removal Operations

*JFK Federal Building*
*Government Center*
*Boston, Massachusetts 02203*

**MANDALAWI, Duray** A29710639                    16 March, 2005
C/O  Suffolk County HOC

On December 21, 2000, regulations were promulgated governing aliens whose removal from the
United States is not immediately possible. These regulations are codified in Chapter 8 Code of
Federal Regulations, Section 241.4 and supercede the interim procedures that governed these
cases prior to that date.

The responsibility for conducting all future reviews in your case will be maintained by the
Immigration and Customs Enforcement Headquarters Post-order Detention Unit (HQPDU). All
inquiries regarding your present custodial status should be directed to the local Bureau office
having jurisdiction over your present place of confinement and, in duplicate, to the following
address:

Headquarters Post-order Detention Unit
801 I Street, NW- Suite 800
Washington, DC 20536

The HQPDU will, at the earliest convenience, provide you with written notification regarding the
specifics of your next review. It is in your best interest to maintain proper behavior while
awaiting this action.

Sincerely,

Bruce E. Chadbourne
Field Office Director
Boston, MA



Office of Detention and Removal Operations

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536

## U.S. Immigration and Customs Enforcement

Duray MANDALAWAI                                    A29 710 639
C/O Boston Field Office
JFK Federal Building
Government Center
Boston, MA 02203

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined
that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE)
at this time. This decision has been made based on a review of your file and/or your personal
interview and consideration of any information you submitted to ICE's reviewing officials.

Negotiations with the government of Iraq are on going to effect your removal. There is no indication
at this time that your repatriation will not occur in the reasonably foreseeable future.

Based on the above, you are to remain in ICE custody pending your removal from the United States.
You are advised that you must demonstrate that you are making reasonable efforts to comply with
the order of removal, and that you are cooperating with ICE's efforts to remove you by taking
whatever actions ICE requests to effect your removal. You are also advised that any willful failure
or refusal on your part to make timely application in good faith for travel or other documents
necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the
issuance of a travel document, may subject you to criminal prosecution under 8 USC Section
1253(a).

_____                    4/28/05
Signature of HQPDU Director/Designated Representative     Date

# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

July 12, 2004

Mr. Duray Mandalawi, I.D. # 120596
Bristol County House of Corrections
400 Faunce Corner Road
North Dartmouth, MA  02747

VIA FIRST CLASS MAIL

### Re: Enclosed Forms.

Dear Mr. Mandalawi:

I am an attorney in Boston. I have been contacted by Prof. Susan Akram of BU Law School and Dr. Eric Aronson of Amnesty International regarding your case. I have also spoken with Bobbie Louton.

I had originally planned to stop by this past weekend and meet with you but unfortunately, I was not able to. It would be very helpful to me if you could let me know how I can help you, e.g., would you like me to try to help you to obtain a travel document so that you can be deported to Iraq?

Please find enclosed three forms that I need you to sign and date where indicated. These forms will authorize me to act as your attorney and will also help me to gather information about your case. Please return these forms to me as soon as possible in the enclosed self-addressed, stamped envelope.

Thank you for your assistance with this matter. Please feel free to contact me during business hours at (617) 227-3080 with any questions that you may have.

Very truly yours,

Omar H. Ali

Enclosures

# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

September 17, 2004

Mr. Duray Mandalawi, I.D. # 120596
Unit & Room & GB - 25
Bristol County House of Corrections
400 Faunce Corner Road
North Dartmouth, MA 02747

VIA FIRST CLASS MAIL

## Re: Enclosed Forms.

Dear Duray:

I just received your passport photos and the enclosed documentation. I have already forwarded them to the Iraqi Embassy in Washington. They should issue your passport without delay, and we will then be in a much better position to seek to have you either released or deported to Iraq.

Please find enclosed two forms that I need you to sign and date where indicated. These forms will authorize a Harvard Law School student, Sam Halabi, to assist me in representing you in this matter. Please return these forms to me as soon as possible in the enclosed self-addressed, stamped envelope.

Thank you for your assistance with this matter. Please feel free to contact me during business hours at (617) 227-3080 with any questions that you may have.

Very truly yours,

Omar H. Ali

Enclosures

بسم الله الرحمن الرحيم

Embassy of the Republic of Iraq
1801 P Street, NW
Washington, DC 20036
Tel: (202) 483-7500
Fax: (202) 462-5066
www.iraqiembassy.org



سفارة جمهورية العراق
واشنطن

Sep 27th . 2004

To Mr. Omar Ali

Dear Sir;

We enclose herewith a new passport for Mr. Duray Mandalawi number S 0011221 that was issued at this office on Sept 27th. 2004.

Kindly inform this office upon receiving it .

Sincerely

Consular Section
Embassy of Iraq

# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

September 29, 2004

Mr. Duray Mandalawi, I.D. # 120596
Unit & Room & GB - 25
Bristol County House of Corrections
400 Faunce Corner Road
North Dartmouth, MA  02747

## *PRIVILEGED AND CONFIDENTIAL*
## *ATTORNEY/CLIENT COMMUNICATION*

VIA FIRST CLASS MAIL

## Re: PASSPORT.

Dear Duray:

I just received your passport today from the Iraqi Embassy.  Congratulations!
Please find a copy enclosed, as you have requested.

As I mentioned on the telephone to you, I will arrange to have either Dr. Eric
Aronson or another therapist stop by and meet with you briefly at Bristol.  I will do my
best to let you know in advance regarding when we will conduct this meeting.

Thank you for your assistance with this matter.  Please feel free to contact me
during business hours at (617) 227-3080 with any questions that you may have.

Very truly yours,

Omar H. Ali

Enclosure

# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

October 5, 2004

Mr. Duray Mandalawi, I.D. # 120596
Unit & Room & GB - 25
Bristol County House of Corrections
400 Faunce Corner Road
North Dartmouth, MA  02747

## *PRIVILEGED AND CONFIDENTIAL*
## *ATTORNEY / CLIENT COMMUNICATION*

VIA FIRST CLASS MAIL

## Re:  DHS Decision to Continue Detention.

Dear Duray:

Please find the enclosed DHS Decision to Continue Detention that I just received today regarding your case.

This obviously comes as no surprise to us, since we were not expecting DHS to decide otherwise.  That said, we will shortly be filing a Motion to Reopen your case, where we will be requesting your release, or in the alternative, deportation to Iraq.

Please feel free to contact me during business hours at (617) 227-3080 with any questions that you may have.

Very truly yours,

Omar H. Ali

Enclosure

# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

February 17, 2005

Mr. Duray Mandalawi, I.D. # 0405692
Suffolk County House of Corrections
20 Bradston Street
Boston, MA  02118

### *PRIVILEGED AND CONFIDENTIAL*
### *ATTORNEY / CLIENT COMMUNICATION*

VIA FIRST CLASS MAIL

### Re: Update.

Dear Duray:

Thank you for your letter dated February 16, 2005 in which you notified me of your meeting with Officer Perez regarding a possibility of release.

I have followed up with my contacts at ICE in Boston, and they have advised me that ICE has not changed their position regarding your case, i.e., they have no plans to release you. Rather, they remain intent on attempting to deport you to Iraq through either Turkey or Jordan. Furthermore, I am currently working with Prof. Susan Akram to locate an attorney who is willing to file a writ of habeas corpus on your behalf, to hopefully force ICE to either deport or release you.

Please feel free to contact me during business hours at (617) 227-3080 with any questions that you may have.

Very truly yours,

Omar H. Ali

# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

April 14, 2005

Mr. Duray Mandalawi, I.D. # 0405692
Suffolk County House of Corrections
20 Bradston Street
Boston, MA  02118

## *PRIVILEGED AND CONFIDENTIAL*
## *ATTORNEY / CLIENT COMMUNICATION*

VIA FIRST CLASS MAIL

### Re: Update.

Dear Duray:

I hope you are well.  I am currently working with Officers Alan Greenbaum and Claudia English at DHS to find some way to have you sent home.

Officer Greenbaum and I are working with Congressman McGovern's office to try to have you sent home on military aircraft - since no commercial aircraft is currently permitted to fly into Iraq.  Officer English and I are working with your sister, Ghaida and the UAE Embassy in Washington to try to obtain a visitor visa for you so that you can be sent to the UAE.

To that end, **please complete the enclosed UAE visitor visa applications where I have highlighted and return them to me as soon as possible (in the enclosed self-addressed  stamped envelope) with two passport-style photos**.

Please feel free to contact me during business hours at (617) 227-3080 with any questions that you may have.

Very truly yours,

Omar H. Ali

Enclosures

**Decision of Post Order Custody Review – Detain**
A29 710 639, MANDALAWAI, Duray
Page 2

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I  EFRAIN   PEREZ                      ,  IEA                      ,
                        Name of ICE Officer                               Title
certify that I served  DURAY  MANDALAWAI                                with a copy of
                                    Name of detainee
this document at  Suffolk County H of C   on May 4th 2005, at    0900    .
                       Institution                           Date           Time

(b)    I certify that I served the custodian  EFRAIN  PEREZ        ,
                                                     Name of Official
  IEA                      , at  Suffolk County House of Corrections, on
                                          Institution
May 4th 2005   with a copy of this document.
Title
Date

## OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

    I                                  ,                                  , certify
                     Name of ICE Officer                            Title
that I served _____and the custodian _____.
                     Name of detainee                          Name of Official
with a copy of this document by certified mail at _____ on _____.
                                          Institution           Date

(  )  cc:  Attorney of Record or Designated Representative
(  )  cc:  A-File



# ALI & ZHANGABYLOVA

67 BATTERYMARCH STREET, SUITE 400
BOSTON, MASSACHUSETTS 02110-3204
TEL (617) 227-3080
FAX (617) 338-1923

OMAR H. ALI
oha@alizhangabylova.com

July 11, 2005

Mr. Duray Mandalawi, I.D. # 0405692
Suffolk County House of Corrections
20 Bradston Street
Boston, MA 02118

VIA FIRST CLASS MAIL

Dear Duray:

This is in response to your letter postmarked July 7, 2005. I hope you are holding up ok under these difficult circumstances.

I last spoke with Ghaida a few weeks ago. She called me after speaking with a consular official at the UAE Consulate in Washington. The official told Ghaida that they would be unable to grant you a visitor visa unless you were currently in lawful status in the United States. Therefore, Ghaida decided not to send me the DHL package with the visa documents.

I have a call in to Officer Claudia English at DHS regarding an update on your deportation but have not heard back from her yet. I will continue to follow up with her.

Other than the aforementioned, we are still trying to find someone able and willing to seek habeas relief on your behalf; however, we have been unsuccessful thus far. We will continue to pursue this avenue as well.

Please feel free to contact me with any questions that you may have.

Very truly yours,

Omar H. Ali

Transaction Detail for
92182 MANDALAWI, DURAY

| Date | Transaction | | Amount |
|------|-------------|---|--------|
| 11/05/2004 | VISIT | I.C.E. | 426.52 |
| 03/22/2005 | MAIL | WESTERN UNION #08083690630 | 100.00 |
| | PURCHASE | Commissary and vending purchases | -525.77 |
| | | Total: | 0.75 |


Detainee
(Offender)                          (Officer)

JS 44 (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as require by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for tl use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MANDALAWI, DURAY

A29-71-0639    SUFFOLK

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

DEFENDANTS Bruce Chadbourne, off a Director
DHS/BICE, et. al, Alberto Gonzales, U.S
Attorney General, Andrea Cabral, Suffolk
County House of Corr. Sheriff Suffolk
County of Residence of First Listed

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Interim Field

(c) Attorney's (Firm Name, Address, and Telephone Number)

Pro Se

Attorneys (If Known)

05-11763 RWZ

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
    Plaintiff

☐ 3  Federal Question
    (U.S. Government Not a Party)

☒ 2  U.S. Government
    Defendant

☐ 4  Diversity
    (Indicate Citizenship of Parties
    in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                and One Box for Defendant

|  | DEF |  | DEF |
|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place ☐ 4 |
|  |  |  | of Business In This State |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place ☐ 5 |
|  |  |  | of Business In Another State |
| Citizen or Subject of a | ☐ 3 | ☐ 3 | Foreign Nation ☐ 6 |
| Foreign Country |  |  |  |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce ICC Rates etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 820 Copyrights | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 830 Patent | ☐ 850 Securities Commodities |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS Third Party | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 (specify)

Transferred from
another district

☐ 6 Multidistrict
    Litigation

Appeal to
District
Judge from
☐ 7 Magistrate
    Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241

Petitioner is detained by Bureau of Immigration + Customs Enforcement

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint

JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDG
E

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

form 2A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) **MANDALAWI V. CHADBOURNE**

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See
    local rule 40.1(a)(1)).

    ☐    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐    II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    ☐    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    ☒    IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    ☐    V.      150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                              YES ☐        NO ☐

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)

                                                                              YES ☐        NO ☐

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                              YES ☐        NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                              YES ☐        NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                                                              YES ☒        NO ☐

    A.      If yes, in which division do all of the non-governmental parties reside?

            Eastern Division ☒         Central Division ☐         Western Division ☐

    B.      If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
            agencies, residing in Massachusetts reside?

            Eastern Division ☐         Central Division ☐         Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)

                                                                              YES ☐        NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME       PRO SE;   DURAY MANDALAWI, A29-71-0639
                                SUFFOLK COUNTY HOUSE OF CORRECTION
ADDRESS                         20 BRADSTON STREET,
                                BOSTON, MA, 02118
TELEPHONE NO.