UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DURAY MANDALAWI,
           Petitioner,

v.

ALBERTO GONZALES, ET AL.,
           Respondents.

CIVIL ACTION

NO.   05-11763-RWZ

MEMORANDUM AND ORDER

ZOBEL, D. J.

For the reasons stated below: (1) Petitioner's Motion for Leave to Proceed *in forma pauperis* (#1) is denied; (2) Petitioner's Motion for Appointment of Counsel (#2) is denied; and (3) notwithstanding the unresolved filing fee issue, the Respondents are directed to file a response to the petition

BACKGROUND

On August 24, 2005, Petitioner Duray Mandalwi, an immigration detainee confined at the Suffolk County House of Correction, in Boston, MA, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he has been in the custody of Immigration and Customs Enforcement beyond the presumptively reasonable time, as set forth in Zadvydas v. Davis, 533 U.S. (2001).   Petitioner also filed an Application to Proceed without Prepayment of Fees (#1) and a Motion for the Appointment of Counsel (#2).

ANALYSIS

I.      Application to Proceed *In Forma Pauperis*

A petitioner seeking habeas relief  pursuant to 28 U.S.C. § 2241 must either (1) pay the $5.00 filing fee for habeas corpus actions, or (2) file an Application to Proceed without prepayment of fees, accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. See Rule 3(a) of the Rules Governing Section 2254 cases, applicable to other habeas petitions (if a petitioner desires to prosecute a petition *in forma pauperis*, he shall file the affidavit required by § 1915 and a certified statement

of the amount of funds in prisoner's institutional account)(emphasis added); <u>See</u> <u>also</u> 28 U.S.C. § 1914(a)(filing fees); § 1915(proceedings *in forma pauperis*).

Here, Petitioner filed an Application to Proceed *in forma pauperis* (#1) accompanied by a Financial Affidavit, however, both documents are incomplete, and neither is signed under the pains and penalties of perjury, nor has Petitioner submitted his prison account statement. Because Petitioner's Application is deemed to be deficient, the Court will permit Petitioner additional time to submit a renewed application which complies with the requirements listed above.

Accordingly, Petitioner's Motion for Leave to Proceed Without Prepayment of Fees is denied without prejudice. It is ORDERED that Petitioner either pay the $5.00 filing fee, or file a completed Application to Proceed Without Prepayment of Fees signed under the pains and penalties of perjury and accompanied by a certified copy of his prison account statement, within forty-two (42) days of this Memorandum and Order. Failure to comply with this directive may result in dismissal of this action. The clerk shall provide Petitioner with a blank Application form along with this Memorandum and Order.

II.     <u>Petitioner's Motion for Appointment of Counsel (#2)</u>

Petitioner has filed a motion for appointment of counsel (#2) on the grounds that he presents a serious meritorious claim which involves exigent circumstances and involves complex issues of constitutional and international law, and that it would be in the interests of justice to appoint counsel for him.

Title 18 U.S.C. § 3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. § 2241, § 2254, or § 2255. Funds for representation are payable as prescribed in Criminal Justice Act, and appointment of counsel may be provided if the Court determines the "interests of justice so require." 18 U.S.C. § 3006A(2)(B). It is well settled that the decision to appoint counsel is discretionary, and neither a civil litigant nor a

habeas petitioner has a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1st Cir. 2003)(state prisoner had no right to counsel to collaterally attack sentence).

In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991). See also Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003) (Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS). In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. DesRosiers, 949 F. 2d at 23-24 (citations omitted).

Here, on this record, Petitioner is not entitled to counsel, and his Motion for Appointment of Counsel (#2) is denied.

III.    The Respondents Shall File a Response to the Petition

Notwithstanding the unresolved filing fee issues presented here, the Respondents shall file a response to the habeas petition.

Accordingly, it is hereby ORDERED:

(1) The Clerk shall serve a copy of this order and the petition upon the Respondent, Andrea J. Cabral, Sheriff, Suffolk County House of Correction, 20 Bradston Street, Boston, MA 02118; AND counsel for the Respondent: (i) the United States Attorney; AND (ii) Frank Crowley, Department of Homeland Security, Special Assistant United States Attorney, P.O. Box 8728, JFK Station, Boston, MA 02114 by certified mail AND

(2) The Respondent shall file an answer or other responsive pleading within 20 days of

receipt of the petition; and

 (3) The Respondent shall provide the Court with at least 48 hours advance notice of any scheduled deportation or removal of petitioner.

## CONCLUSION

 Based on the foregoing, it is hereby ORDERED:

1. Petitioner's Motion for Leave to Proceed Without Prepayment of Fees (#1) is denied without prejudice.  Petitioner shall, within forty-two (42) days of the date of this Memorandum and Order, either pay the $5.00 filing fee, or file a completed Application to Proceed Without Prepayment of Fees, <u>accompanied by a certified copy of his prison account statement</u>; the clerk shall provide a blank application form with this Memorandum and Order;

2. Petitioner's Motion for Appointment of Counsel (#2) is denied;

3. Notwithstanding the unresolved filing fee issue, the Respondents shall file a response to the petition within 20 days of the date of this Memorandum and Order.

SO ORDERED.

<u>August 29, 2005</u>         <u>/s/ Rya W. Zobel</u>
Date              RYA W. ZOBEL
                UNITED STATES DISTRICT JUDGE